FILED
U.S. DISTRICT COURT
DIV.

2011 SEP -6 PM 3: 07

Clerk _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIE MAYS WAYNE,                :
                                  :
            Plaintiff,            :
                                  :
      v.                          :        CIVIL ACTION NO.: CV611-092
                                  :
BRUCE CHAPMAN, Warden,            :
                                  :
            Defendant.            :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville,
Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of
his confinement. A prisoner proceeding in a civil action against officers or employees of
government entities must comply with the mandates of the Prison Litigation Reform Act,
28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by
the longstanding principle that *pro se* pleadings are entitled to liberal construction.
Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011
(11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable
claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he has remained in involuntary administrative segregation since he arrived at Georgia State Prison in January 2011, even though the disciplinary report he received while he was housed at Johnson State Prison was expunged. Plaintiff seeks his release from involuntary administrative segregation, monetary damages for his mental suffering, and a transfer to a medium security prison.

Plaintiff makes no factual allegations in his Complaint against the named Defendant. A plaintiff must set forth "a short and plain statement of the claim showing

that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendant Chatham, his Complaint should be dismissed.

In addition, it appears Plaintiff seeks to hold Defendant Chatham liable based solely on his supervisory position. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his Complaint against Defendant Chatham should be dismissed.

Moreover, "[t]he Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F. 3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. AMEND. XIV). The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290-91 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Plaintiff has failed to make this basic showing.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this _6th_ day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)